KATHERINE HAUBER, Respondent, v. JOSEPH
M. HAUBER, Appellant.

Kansas City Court of Appeals, April 21, 1913.

1. **DIVORCE: Indignities: Cruelties: Preponderance of Evidence.**
   Where the evidence preponderated in favor of the wife, that
   her husband had abused her with vile names and threats; that
   he had assaulted her with his hands and pursued her with a
   butcher knife, and that neighbors had more than once to
   interfere for her protection; it was *held* that a decree in her
   favor for divorce and the custody of a male child, three years
   old, was proper.

2. ———: ———: ———: **Alimony: Proper Sum: Credit: Sum
   Owing Wife.** In a case where the wife was given a decree of
   divorce with custody of child, and where it was shown that
   the husband was worth $7500 and that he owed her $400, money
   received from her, it was *held* the amount of alimony was not
   too large, if its payment would discharge the wife's claim to
   the $400.

Appeal from Buchanan Circuit Court.—*Hon. W. D.
Rusk,* Judge.

AFFIRMED IN PART.   REVERSED AND REMANDED IN PART.

*K. B. Randolph* and *B. R. Martin* for appellant.

(1)   The appellate court will examine the evidence
in the divorce suit for itself and reach its own con-
clusion.   And where upon review of all the evidence

the appellate court disagrees with the finding of the court below it should award such judgment as the trial court should have awarded. Grove v. Grove, 79 Mo. App. 142; Torlotting v. Torlotting, 82 Mo. App. 192. (2) What acts constitute statutory indignities will depend greatly upon the evidences of each case; the Legislature has chosen to leave that subject at large, and by the general use of words employed evidently desires to leave such action to be determined according to its own particular circumstances. McCann v. McCann, 91 Mo. App. 1.

*Mytton & Parkinson* for respondent.

ELLISON, J.—Plaintiff brought this action against defendant in the Buchanan County Circuit Court for a divorce. He denied the allegations of the petition and himself asked a divorce for her fault. The trial court denied his cross-bill and entered a decree for plaintiff, together with the custody of their only child, a boy about three years old, and also twenty-five hundred dollars alimony.

Plaintiff alleged in her petition that defendant had made her condition intolerable by a course of indignities, beginning soon after their marriage, consisting of barbarous treatment. That he cursed and abused her without stint and more than once assaulted and beat her, whereby she at times had to flee to her neighbors. That he assaulted her with a butcher knife and at other times threatened her with an ax and a razor.

Defendant by his cross-bill charged that plaintiff frequently assaulted and that she also abused him with vile language; that she would purloin his money; that she had committed adultery and had sat in the lap of a roomer at their house.

The evidence balanced largely in plaintiff's favor. One or more neighbors saw him pursuing her with a

butcher knife; another saw him choking her. The po-lice were called in at least twice by persons who thought it necessary to her protection.

On his part he disclaimed charging her with adul-tery, but testified he saw her sitting in the lap of a man who had a room at their house. She denied this and explained that she was cleaning the room as usual when the man happened in and defendant, who was watching, came to the door. He likewise testified that she abused him with vile language.

We think the evidence so strongly preponderated with the plaintiff that the trial court could not have done otherwise than give her the decree with the cus-tody of the infant child. The only question of the least doubt is the amount of alimony. Defendant was shown to be worth about $7500, and it appears that he owes plaintiff $400, money receiver from her. We will permit the payment of the full amount of alimony, to liquidate (she consenting thereto) the $400 owing to her. The judgment for divorce and custody of the child will be affirmed. But the judgment for alimony will be reversed and the cause remanded that a pro-vision may be incorporated therein to the effect that the full payment of the alimony shall discharge plain-tiff's claim of four hundred dollars. All concur.